**No. 48515.**—Protests 992993–G, etc., of W. X. Huber Co. (Los Angeles).

Opinion by WALKER, J.  The plaintiff offered the testimony of two witnesses, one a purchasing agent employed by a company dealing principally in seeds, and selling, among other things, rakes, who stated that he invented and patented the rake at bar in 1938, for use principally in small orange groves to rake up leaves, and that a metal rake would dig into the soil, whereas a bamboo rake does not, also, that it does the work more rapidly, takes up the leaves in large quantities, does not clog or require frequent cleaning, and differs from ordinary bamboo rakes in that it has a square end instead of a bow end, the square end permitting every tooth on the fan of the rake to contact the ground.  He also testified that they are sold to seed houses, hardware houses, hardware stores, nurseries, and farm and garden supply houses, that he had seen them used in perhaps a dozen cases on an avocado ranch, on poultry and rabbit farms, and on lawns.  The second witness was a manufacturing chemist, specializing in insecticides in connection with which his firm maintains an experimental farm on which are citrus and avocado trees and vegetables, that they use rakes such as the exhibit in this case and recommend them for cleaning up leaves and refuse.  The defendant produced no witnesses but in its brief stated that *Wonham, Inc.* v. *United States,* 20 C. C. P. A. 198, T. D. 45982, was controlling, and that the rake at bar is of the same general class of merchandise as the so-called bow-shaped rake.  The court, however, did not agree with this contention.  Defendant also cited *United States* v. *C. J. Tower & Sons* (26 C. C. P. A. 1, T. D. 49534) regarding *eo nomine designation.*  The court was of the opinion that it was established by the record, at least *prima facie,* that the article at bar is an implement chiefly used for agricultural purposes, and stated that the term "agricultural implements" is not an *eo nomine* designation but is a term of general designation, but believed that the rule cited by defendant from said decision that "we must determine that meaning in accordance with its proven chief use on and prior to the date when the language which is being interpreted was used by Congress" is equally adapted to such a term as to an *eo nomine* designation.  Following *Green* v. *United States,* 8 Cust. Ct. 173, C. D. 599, as to whether the rule cited is applicable to a case where the merchandise was not in existence and not known in the trade at the time of the passage of the tariff act, the court held that the rakes in question are agricultural implements within the meaning of that term as used in paragraph 1604.  The claim for free entry was therefore sustained.

BEFORE THE FIRST DIVISION, JULY 8, 1943

**No. 48516.**—Protests 28021–K, etc., of New York Merchandise Co., Inc. (New York).

Opinion by OLIVER, P. J.  It was stipulated that the bicycle horns are composed in chief value of base metal, not plated, and that they are similar in all material respects to those the subject of Abstract 47964.  The claim at 45 percent under paragraph 397 was therefore sustained.